Nott, J.
This was an action of assumpsit foy , . , , , . . . . overseers wages. And the only question is, whether the presiding judge did right, in directing the. julT t0 S*ve interest on the amount. The decisions on this subject are very contradictory. But the rule, as settled by the modern cases, appears to be that interest is not recoverable on an open account, though a time is fixed for the payment; unless there is an agreement to pay interest. An agreement to pay interest may be either express or imPlied< A Promise to give a note of hand or bill of exchange, will be considered as an agreement to pay interest. So it may be inferred from the usual course of trade, or dealing between the parties.' In air action for money had and received, proof that the defendant actually used the money, and made a profit by it, has been held sufficient to entitle the plaintiff to interest. 2 Campbell, 429. Gordon et al. vs. Swan et al. in note. do. 472. Porter et al. vs. Palsgrave, do. 481. Boyer et al. vs. Warburton. 1 do. 50. 9th Johnson, 71. The People vs. Gashere et al. A new trial, therefore, must be granted, unless the plaintiff will release the interest.
*669 Justices Grimke and Smith concurred.
This case submitted without argument. See Bulow ads. Goddard, 1 A*. & M’ Cords.